**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| **JAMES F. KEMPF,** **Plaintiff** | |
| v. | CA 07 439ML |
| **SEARS, ROEBUCK AND CO., JANE DOE, LYNN LOE and RON ROE,** | Civil Action No. ______ |
| **Defendants.** | |

**NOTICE OF REMOVAL**

TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND:

PLEASE TAKE NOTICE that the Defendant, Sears, Roebuck and Co., hereby serves notice of removal of the above-entitled action from the Providence Superior Court of the State of Rhode Island to this Court pursuant to 28 U.S.C. §§ 1332(a)(1), 1441, and 1446. Removal is proper for the following reasons:

1. On or about November 8, 2007, Defendant, Sears, Roebuck and Co. ("Sears"), was served with Plaintiff's Summons and Complaint, in an action commenced in the Superior Court of the State of Rhode Island, Providence County entitled James F. Kempf v. Sears, Roebuck and Co., Jane Doe, Lynn Loe and Ron Roe, Civil Action No. 07-4688.

2. The subject of this lawsuit is the employment of Plaintiff at the Warwick, Rhode Island retail outlet of Sears. Plaintiff was employed by Sears, which is a New York business corporation with a principal place of business located in Hoffman Estates, Illinois. This Defendant is a wholly owned subsidiary of Sears Holding Corporation, which is a publicly

traded foreign corporation with a principal place of business located in Hoffman Estates, Illinois. See Paragraph 2 of Plaintiff's Complaint annexed hereto as Exhibit "A".

3. In his Complaint, Plaintiff alleges that he is a resident of the City of Cranston, Rhode Island. See Paragraph 1 of Plaintiff's complaint, annexed hereto as Exhibit "A".

4. Plaintiff also brings suit against "Jane Doe", "Lynn Loe" and "Ron Roe", admittedly fictitious names as alleged by Plaintiff, but who are allegedly all employees of Sears. See Paragraphs 3, 4 and 5 of Plaintiff's Complaint annexed hereto as Exhibit "A", as well as Footnote 1 thereto, wherein Plaintiff admits that he cannot identify the individuals even after reasonable diligence.

5. Because Plaintiff does not know the identity of the individually named Defendants, he certainly does not know their individual residences. Plaintiff does not even attempt to allege that said individually named Defendants are residents of the State of Rhode Island.

6. Plaintiff does not cite to any federal statutes in his Complaint against Defendants. Rather, he relies upon alleged violations of R.IG.L. §42-87-1, *et seq.*, (Rhode Island Civil Rights of People with Disabilities Act); R.I.G.L. §28-5-1, *et seq.*, (Rhode Island Fair Employment Practices Act); and R.I.G.L. §42-112-1, *et seq.*, (Rhode Island Civil Rights Act of 1990).

7. Sears is a New York corporation with a principal place of business located in Illinois. The fictitious Defendants named by Defendant do not have a citizenship of any particular state, insofar as they are presently fictitious and their Rhode Island citizenship cannot be presumed. 28 U.S.C. §1441(a) specifically states that "For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names *shall be disregarded*". (emphasis supplied). Plaintiff has alleged Rhode Island citizenship. Accordingly, this Court has

original jurisdiction of this action pursuant to 28 U.S.C. § 1332 because there is diversity of citizenship, as Plaintiff is a resident of Rhode Island while the only known Defendant is a resident of the State of Illinois.

8. Plaintiff has alleged several causes of action involving alleged discrimination in the workplace, the potential recovery for which exceeds the $75,000.00 jurisdictional prerequisite, exclusive of interest and costs.

9. Accordingly, this action is removable to this Court under 28 U.S.C. § 1441.

10. Defendants will notify the Superior Court, Providence County, and all parties of this Notice of Removal by filing with the Superior Court a Notice of Filing of Notice of Removal. A copy of that notification, which will be sent to the Providence County Superior Court, is attached hereto as Exhibit "B".

11. Copies of the pleadings served upon Defendant, which constitutes all the papers which have been served in this matter, are attached hereto as Exhibit "A".

Respectfully submitted,

SEARS, ROEBUCK and CO.

Anthony J. DiOrio (R.I. Bar No. 3419)
JACKSON LEWIS LLP
127 Dorrance Street
Providence, RI 02903
(401) 490-3444; (401) 454-7702 fax

Dated: November 28, 2007