# State of Rhode Island and Providence Plantations

## SUPERIOR COURT

[x] PROVIDENCE/BRISTOL [ ] KENT [ ] WASHINGTON [ ] NEWPORT

CIVIL ACTION, FILE No 07-4668

JAMES F. KEMPF
Plaintiff

SEARS, ROEBUCK AND CO., et al.
Defendant

## *Summons*

*To the above-named Defendant* SEARS, ROEBUCK AND CO., by and through its Registered Agent: CT CORPORATION SYSTEM, 10 WEYBOSSET STREET, PROVIDENCE, RI 02903

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above You are hereby summoned and required to serve upon V. EDWARD FORMISANO, ESQ. Plaintiff's attorney, whose address is SINAPI FORMISANO & COMPANY, LTD., 100 MIDWAY PLACE, SUITE 1, CRANSTON, RI 02920 an answer to the complaint which is herewith served upon you within 20 days after service of this summons upon you, exclusive of the day of service.

If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court.

As provided in Rule 13(a) unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action

CLERK

Dated: NOVEMBER 7, 2007

(Seal of the Superior Court)

DATE 11/8/07
A TRUE COPY ATTEST
VINCENT F. CATAMERO
R.I. CONSTABLE #5023

S-135 (REV 10/00)

STATE OF RHODE ISLAND
PROVIDENCE, SC.

SUPERIOR COURT

JAMES F. KEMPF,
Plaintiff

v.

SEARS, ROEBUCK AND CO.,
JANE DOE, LYNN LOE, and
RON ROE,
Defendants

C.A. No. 07-4668

## COMPLAINT

### I. Introductory Statement

This action is brought by the Plaintiff seeking declaratory and injunctive relief, attorney's fees and litigation expenses and other equitable relief, including back pay, as well as compensatory and punitive damages to remedy unlawful discrimination in employment the Plaintiff suffered on account of his disability in violation of the Rhode Island Civil Rights of People with Disabilities Act, R.I.G.L. §42-87-1, *et seq.* ("CRPD"), the Rhode Island Fair Employment Practices Act, R.I.G.L. §28-5-1, *et seq.* ("FEPA") and the Rhode Island Civil Rights Act of 1990, R.I.G.L. §42-112-1, *et seq.* ("RICRA").

### II. Parties

1. The Plaintiff is a resident of the City of Cranston, County of Providence, State of Rhode Island.

2. Defendant Sears, Roebuck and Co. ("Sears") is a New York corporation with its principal place of business located in Hoffman Estates, Illinois, and maintains a store location at 650 Bald Hill Road, Warwick, Rhode Island 02886 ("Warwick location").

3. Defendant Jane Doe ("Doe")[1] was, at all relevant times herein, employed by Defendant Sears at the Warwick location.

4. Defendant Lynn Loe ("Loe") was, at all relevant times herein, employed by Defendant Sears at the Warwick location.

5. Defendant Ron Roe ("Roe") was, at all relevant times herein, employed by Defendant Sears at the Warwick location.

## III. Jurisdiction

6. This Court has jurisdiction over the Plaintiff's claims under the FEPA pursuant to R.I.G.L. §28-5-24.1, jurisdiction over the Plaintiff's claims under the RICRA pursuant to R.I.G.L. §42-112-2, and jurisdiction over the Plaintiff's claims under the CRPD pursuant to R.I.G.L. §42-87-4.

## IV. Venue

7. Venue is proper in this Court in accordance with R.I.G.L. §9-4-3 insofar as the Plaintiff resides in the County of Providence, State of Rhode Island.

## V. Exhaustion of Administrative Remedies

8. On or about March 29, 2007, the Plaintiff timely filed a charge of disability discrimination against Defendants with the Rhode Island Commission for Human Rights ("RICHR"), RICHR No. 07EPD227-02/07.

9. On or about July 22, 2007, more than one hundred twenty (120) days, but less than two (2) years after the charge was filed, the Plaintiff requested that the RICHR issue a right to sue letter.

---

[1] At this time, fictitious names are being used for Defendants whose identities could not be established despite reasonable diligence to identify said Defendants

10. On or about July 24. 2007, Plaintiff was issued a notice of right to sue by the RICHR and has timely instituted suit thereon.

11 There is no requirement under the RICRA relative to the exhaustion of administrative remedies.

12 The RICHR failed to act upon the Plaintiff's charge of discrimination within sixty (60) days of the filing of the charge and thus the Plaintiff's CRPD claim is properly before this Court pursuant to R.I.G.L §42-87-4(b).

**VI. <u>Material Facts</u>**

13. In November, 2006, the Plaintiff was hired by Defendant Sears as a cashier/greeter

14. During all relevant time periods, the Plaintiff's work performance was satisfactory

15. During all relevant time periods, the Plaintiff suffered from paraplegia.

16. That during all relevant time periods, Defendants knew that the Plaintiff suffered from a disability.

17. That despite my disability, the Plaintiff was still qualified to perform my job with or without reasonable accommodation.

18. Throughout his employment at Defendant Sears, agents and/or employees of Defendant Sears, including, but not limited to, Defendants Doe, Loe, and Roe, subjected the Plaintiff to discrimination due to his disability.

19. Specifically, the Defendants discriminated against the Plaintiff by failing to provide proper training and workplace accommodations on account of his disability.

20. The Plaintiff was also subjected to ongoing and repeated discriminatory comments relative to his disability by employees and/or agents of Defendant Sears, including, but not limited to, Defendant Doe, Loe and/or Roe.

21 On or about December 16, 2006, on account of Defendants' discriminatory conduct, the Plaintiff was constructively discharged from his employment at Defendant Sears.

22 That the facts of this matter clearly establish that Defendants discriminated against the Plaintiff on account of his disability in violation of the CRPD, the FEPA, and the RICRA

23. As a proximate result of Defendants' unlawful and/or discriminatory employment practices, including, but not limited to, those described herein, the Plaintiff suffered and will continue to suffer loss of income, including past and future salary, pension benefits, damage to his business and personal reputation, severe mental and physical anguish, pain and suffering, and other great harm.

## VII. Claims For Relief

24. The Plaintiff incorporates in the counts below the allegations contained in paragraphs 1-23 above.

### Count One
### Unlawful Discrimination--R.I.G.L. §42-87-1, *et seq.*

25. Defendants, by their individual and/or concerted acts and/or omissions, including, but not limited to, those described herein, constitute unlawful discrimination against the Plaintiff in employment on account of his disability in violation of the Rhode Island Civil Rights of People with Disabilities Act, R.I.G.L. §42-87-1, *et seq.*, causing the Plaintiff to suffer damages as aforesaid and thereby deprived Plaintiff of rights secured under the CRPD.

### Count Two
### Unlawful Discrimination--R.I.G.L. §28-5-1, *et seq.*

26. Defendants, by their individual and/or concerted acts and/or omissions, including, but not limited to, those described herein, constitute unlawful discrimination against the Plaintiff in employment on account of his disability in violation of the Rhode Island Fair Employment Practices

Act, R.I.G.L §28-5-1, *et seq.*, causing the Plaintiff to suffer damages as aforesaid and thereby deprived Plaintiff of rights secured under the FEPA.

**Count Three**
**Unlawful Discrimination–R.I.G.L. §42-112-1, *et seq.***

27 Defendants, by their individual and/or concerted acts or omissions, including, but not limited to, those described herein, constitute unlawful discrimination against the Plaintiff in employment on account of his disability insofar as said actions and/or omissions resulted in the termination of an employment contract and the loss of benefits, terms and conditions of a contractual relationship existing between the Plaintiff and Defendant Sears in violation of the Rhode Island Civil Rights Act of 1990, R.I.G.L. §42-112-1, *et seq.*, causing the Plaintiff to suffer damages as aforesaid, and thereby deprived the Plaintiff of rights secured under the RICRA.

## VIII. Prayers for Relief

**WHEREFORE**, Plaintiff respectfully prays that this Court grant the following relief:

1. A declaratory judgment that the Defendants, in the manner described herein, unlawfully discriminated against the Plaintiff in violation of the Rhode Island Civil Rights of People with Disabilities Act, R.I.G.L. §42-87-1, *et seq.*, the Rhode Island Fair Employment Practices Act, R.I.G.L. §28-5-1, *et seq.*, and the Rhode Island Civil Rights Act of 1990, R.I.G.L. §42-112-1, *et seq.*

2. Enjoining and permanently restraining the Defendants from violating the Rhode Island Civil Rights of People with Disabilities Act, R.I.G.L. §42-87-1, *et seq.*, the Rhode Island Fair Employment Practices Act, R.I.G.L. §28-5-1, *et seq.*, and the Rhode Island Civil Rights Act of 1990, R.I.G.L. §42-112-1, *et seq.*

3. Award the Plaintiff back pay, including incremental increases, pension rights and other benefits, plus prejudgment interest thereon.

4. Award the Plaintiff compensatory damages for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, plus prejudgment interest thereon.

5. Award the Plaintiff punitive damages for Defendants' intentional, malicious, reckless and/or willful violation of the Rhode Island Civil Rights of People with Disabilities Act, R.I.G.L. §42-87-1, *et seq.*, the Rhode Island Fair Employment Practices Act, R.I.G.L. §28-5-1, *et seq.*, and the Rhode Island Civil Rights Act of 1990, R.I.G.L. §42-112-1, *et seq.*

6. Award the Plaintiff reasonable attorney's fees and costs of litigation pursuant to the Rhode Island Civil Rights of People with Disabilities Act, R.I.G.L. §42-87-1, *et seq.*, the Rhode Island Fair Employment Practices Act, R.I.G.L. §28-5-1, *et seq.*, and the Rhode Island Civil Rights Act of 1990, R.I.G.L. §42-112-1, *et seq.*

7. Such other and further relief as the Court deems just and proper.

## IX. Demand for Jury Trial

The Plaintiff hereby demands a trial by jury on all counts so triable.

## X. Designation of Trial Counsel

The Plaintiff hereby designates V. Edward Formisano, Esquire, as trial counsel.

PLAINTIFF,
By his attorneys,
SINAPI, FORMISANO & COMPANY, LTD.

V. Edward Formisano (#5512)
100 Midway Place, Suite 1
Cranston, RI 02920-5707
(401) 944-9690
(401) 943-9040 (facsimile)

**CT** CORPORATION
A WoltersKluwer Company

**Service of Process Transmittal**
11/08/2007
CT Log Number 512768995

**TO:** Legal Intake B6-263B
Sears, Roebuck and Co
3333 Beverly Road
Hoffman Estates, IL 60179-

**RE:** **Process Served in Rhode Island**

**FOR:** Sears, Roebuck and Co (Domestic State: NY)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | James F Kempf. Pltf. vs. Sears. Roebuck and Co , et al Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint |
| **COURT/AGENCY:** | Superior Court Providence/Bristol, RI<br>Case # 07-4668 |
| **NATURE OF ACTION:** | Employee Litigation - Discrimination - On the basis of disability - paraplegia |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System. Providence. RI |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 11/08/2007 at 10:00 |
| **APPEARANCE OR ANSWER DUE:** | Within 20 Days - exclusive of day of service |
| **ATTORNEY(S) / SENDER(S):** | V. Edward Formisano, Esq.<br>Sinapi Formisano & Company, Ltd<br>100 Midway Place<br>Suite 1<br>Cranston, RI 02920<br>401-944-9690 |
| **REMARKS:** | Refer to previous log # 512138082 forwarded on 04/17/2007 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex 2 Day , 798304898530<br>Email Notification, Legal Intake B6-263B legalint@searshc.com |
| **SIGNED:**<br>**ADDRESS:** | C T Corporation System<br>10 Weybosset Street - 9th Floor<br>Providence, RI 02903 |
| **TELEPHONE:** | 401-861-7400 |

Sears Holdings Corp.
Law Dept. Intake

NOV 12 2007

Routed MALORY BURNS

Page 1 of 1 / JC

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.