**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **JAMES F. KEMPF,** <br> **Plaintiff,** <br><br> **v.** <br><br> **SEARS, ROEBUCK AND CO., JANE DOE, LYNN LOE and RON ROE,** <br><br> **Defendants.** | : | **Civil Action No. 07-439 ML** |

**ANSWER OF DEFENDANT SEARS, ROEBUCK and CO. TO PLAINTIFF'S COMPLAINT**

Defendant, Sears, Roebuck and Co. (hereinafter referred to as "Defendant" or "Sears"), by its attorneys, Jackson Lewis LLP, as and for its Answer of the Plaintiff, James F. Kempf, hereby states as follows:

**AS TO INTRODUCTORY STATEMENT**

Defendant denies the allegations contained in the first, unnumbered Paragraph of the Complaint, except admit that Plaintiff purports to seek (a) declaratory and injunctive relief, (b) attorneys' fees, (c) litigation expenses, (d) other equitable relief, including back pay; (e) punitive damages, and (f) compensatory damages in this action.

**AS TO PARTIES**

1. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint.

2. Defendant admits Paragraph 2 of the Complaint.

3. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Complaint.

4. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint.

5. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint.

**AS TO JURISDICTION**

6. Defendant can neither admit nor deny the truth of the allegations contained in Paragraph 6 of the Complaint, as they state conclusions of law.

**AS TO VENUE**

7. Defendant can neither admit nor deny the truth of the allegations contained in Paragraph 7 of the Complaint, as they state conclusions of law.

**AS TO EXHAUSTION OF ADMINISTRATIVE REMEDIES**

8. Defendant denies the allegations contained in Paragraph 8 of the Complaint, except admits that at some point, Plaintiff filed a complaint with the Rhode Island Commission for Human Rights.

9. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint.

10. Defendant admits Paragraph 10 of the Complaint.

11. Defendant can neither admit nor deny the truth of the allegations contained in Paragraph 11 of the Complaint, as they state conclusions of law.

12. Defendant can neither admit nor deny the truth of the allegations contained in Paragraph 12 of the Complaint, as they state conclusions of law.

**AS TO MATERIAL FACTS**

13. Defendant denies the truth of the allegations set forth in Paragraph 13 of the Complaint, except admits that Plaintiff was hired by Sears as a part-time, seasonal (temporary) employee to work during the 2006 Holiday shopping season.

14. Defendant admits Paragraph 14 of the Complaint.

15. Defendant admits Paragraph 15 of the Complaint.

16. Defendant admits Paragraph 16 of the Complaint.

17. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint.

18. Defendant denies the allegations contained in Paragraph 18 of the Complaint.

19. Defendant denies the allegations contained in Paragraph 19 of the Complaint.

20. Defendant denies the allegations contained in Paragraph 20 of the Complaint.

21. Defendant denies the allegations contained in Paragraph 21 of the Complaint, except admits that Plaintiff voluntarily resigned his employment from Sears on or about December 16, 2006.

22. Defendant denies the allegations contained in Paragraph 22 of the Complaint.

23. Defendant denies the allegations contained in Paragraph 23 of the Complaint.

**AS TO CLAIMS FOR RELIEF**

24. Defendant repeats and realleges its responses to Paragraphs 1 through 23 inclusive of the Complaint as though fully set forth here in response to Paragraph 24 of the Complaint.

**AS TO COUNT I**

25. Defendant denies the truth of the allegations set forth in Paragraph 25 of the Complaint.

**AS TO COUNT II**

26. Defendant denies the truth of the allegations set forth in Paragraph 26 of the Complaint.

**AS TO COUNT III**

27. Defendant denies the truth of the allegations set forth in Paragraph 27 of the Amended Complaint.

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff's Complaint fails to state a claim, in whole or in part, upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff's Complaint fails to state a claim, in whole or in part, upon which compensatory, liquidated, and/or punitive damages may be awarded.

**THIRD AFFIRMATIVE DEFENSE**

Defendant's actions regarding Plaintiff were at all times based upon legitimate, non-discriminatory business reasons.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff has failed to make diligent and good faith efforts to mitigate his damages, if any, and as such, is not eligible to receive lost wages and/or other relief.

**FIFTH AFFIRMATIVE DEFENSE**

Even if any decision which affected Plaintiff's employment was motivated in part by Plaintiff's disability, which it was not, Defendant would have reached the same decision regardless of Plaintiff's disability.

**SIXTH AFFIRMATIVE DEFENSE**

At all times relevant hereto, Defendant acted in good faith and have not violated any rights which may be secured to Plaintiff under federal, state or local laws, rules, regulations or guidelines.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the election of remedies.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff voluntarily terminated his employment with Defendant without making any complaints to Defendant regarding any allegations made in his Complaint.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff's claim of constructive discharge should be dismissed because Plaintiff knowingly terminated his employment by tendering his written resignation.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the Rhode Island Workers' Compensation Act.

**WHEREFORE**, Defendant respectfully requests that this Court:

a. dismiss Plaintiff's Complaint in its entirety, with prejudice;

b. deny each and every prayer for relief set forth in Plaintiff's Complaint;

c. award Defendant reasonable attorneys' fees and costs; and

d. grant such other and further relief as the Court deems just and proper.

Respectfully submitted,
JACKSON LEWIS LLP
127 Dorrance Street, 4th Floor
Providence, Rhode Island 02903
Telephone: (401) 490-3444

*and*

One North Broadway, Suite 1502
White Plains, New York 10601
Telephone: (914) 328-0404

By:______/s/ Anthony J. DiOrio (#3419)____

ATTORNEYS FOR DEFENDANT SEARS, ROEBUCK and CO.

Dated: December 5, 2007
Providence, Rhode Island

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **JAMES F. KEMPF,**<br>**Plaintiff,**<br><br>**v.**<br><br>**SEARS, ROEBUCK AND CO., JANE DOE, LYNN LOE and RON ROE,**<br><br>**Defendants.** | : | **Civil Action No. 07-439 ML** |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that Defendant Sears, Roebuck and Co.'s Answer to Plaintiff's Complaint has been filed electronically and that it is available for viewing and downloading from the ECF system, this 5th day of December, 2007.

/s/ Anthony J. DiOrio (#3419)