**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **JAMES F. KEMPF,** <br> **Plaintiff,** <br><br> **v.** <br><br> **SEARS, ROEBUCK AND CO., JANE DOE, LYNN LOE and RON ROE,** <br><br> **Defendants.** | : | **Civil Action No. 07-439 ML** |

**DEFENDANT'S RULE 16 STATEMENT**

## I. Preliminary Statement/Facts

Plaintiff, a disabled individual, was hired by Defendant Sears, Roebuck and Co. ("Sears") for the 2006 Holiday Season. Mr. Kempf had responded to a help wanted ad for <u>part time, seasonal</u> positions at the Warwick, Rhode Island location. Sears is a nationally known department store. As with most large retailers, Sears hires "seasonal help" during the months leading up to the Christmas Holiday to assist with the additional shopping activities the season brings. Mr. Kempf was fully aware that he was hired only on a part-time basis and only for the Christmas season.

Mr. Kempf missed his first two scheduled appointments to be interviewed for the seasonal, part-time position. Consequently, even though Seasonal help will normally be employed at some point shortly after September 1 and up to January 1, Mr. Kempf did not begin working for Sears until November 20, 2006. During his orientation process on November 24, 2006, Mr. Kempf signed the "Pre-Training Acknowledgement Summary", whereby he acknowledged that he was only being hired for seasonal, part-time employment, and that this meant his employment was of a temporary nature, and that the number of hours assigned and the term of his employment would

depend, *inter alia*, upon the needs and demands of the employer. While he was trained as a cashier, he was told at the outset that the needs and demands of Sears at that time were such that he would be working as a Greeter, because he had come in so late for the seasonal help and all of the part-time cashier positions had been filled. He understood that he would be working as a Greeter.

During the 2006 Holiday Season, the Warwick location hired four part-time seasonal Greeters, three of whom were not physically disabled. A Greeter's position involves being stationed at an entrance to the Sears location and to cheerfully greet customers into the store. The Greeters would also carry a bucket of candy canes to pass out to patrons entering the store, and would wear a typical "Holiday hat" (i.e., a red and white sleeping cap normally associated with Santa Claus).

Mr. Kempf's supervisor noted that Mr. Kempf was not wearing the Holiday hat after being told that he was supposed to wear one as a Greeter. It was likewise noted that he was unenthusiastic and did not smile at patrons entering the store. He also refused to hold the bucket of candy canes. When told about the need to wear the Holiday hat, Mr. Kempf said he did not like wearing it. Regardless of these issues, his supervisor allowed him to attend to his job without wearing the Holiday hat and without any repercussions for performing his job functions in a poor and unsatisfactory manner.

Mr. Kempf submitted a resignation letter on Saturday, December 16, 2006. During his brief tenure at Sears, he never made any complaints to management that he perceived that he was being treated unfairly or differently because of his disability. His resignation letter thanked his employer for all its help and for giving him "extra days", and that the only day he was scheduled to work which he would then be missing was the following Saturday (December 23).

Sears does not know what Plaintiff's counsel is referring to when he alleges that Sears failed to give Mr. Kempf accommodations or training due to his disability.

As to the alleged discriminatory comments being made by Sears personnel, Mr. Kempf did not complain while working at Sears. In fact, in his complaint to RICHR dated March 24, 2007, there is no mention of any discriminatory statements made by anyone at Sears. Also, his resignation letter, containing nothing but positive comments, would not seem to be written by someone who had been victimized with discriminatory comments as he now claims. Notice of the alleged discriminatory comments only appeared from Plaintiff recently.

It is our understanding from performing a post-claim investigation, an alleged problem Mr. Kempf found "awkward" with his job as a Greeter was that patrons entering the Sears location from time to time would attempt to place money into his basket containing the candy canes. Apparently patrons seeing Mr. Kempf in a wheelchair handing out candy canes gave them the impression that he was looking for a "handout". We know of no instance where he complained of this to Sears. In any event, if such activity was happening, it was clearly being done by the general public and not due to any activity on the part of Sears or its personnel.

## II. While Plaintiff Is Admittedly Disabled Under The Rhode Island Statute, Plaintiff Cannot Sustain This Claim As No Discrimination Took Place.

As stated above, Plaintiff was offered seasonal, part-time work, which is what he applied for. Because he applied so late in the season, there were only Greeter positions left open, as all of the seasonal part-time cashier positions had been filled. While the anti-discrimination laws require an employer to engage a disabled employee in discourse to determine what accommodations are requested by the employee and whether such are reasonable, the law does not require an employer to create a position that it otherwise has no need for. This is so especially where the job in question was both temporary and part-time, where the applicant applied very late in the season, and

where the applicant fully acknowledged at the outset that this was a temporary and part-time position – and that the hours worked for the employer were to be solely driven by the needs and demands of the employer. Plaintiff did not ask for any accommodation, reasonable or otherwise. To the extent that Plaintiff did not like or want to wear the Holiday hat (hardly a request for an "accommodation" due to disability), nevertheless he was allowed to perform his job without wearing the Holiday hat without any repercussions. Certainly had Mr. Kempf requested a reasonable accommodation due to his disability, Sears would have engaged in the interactive process.

## III. Conclusion.

Plaintiff cannot show any discriminatory treatment, or failure to accommodate any request made by Plaintiff. Sears has a legitimate business reasons for hiring seasonal part-time help during the holiday season, and Plaintiff applied very late for this job know full well that it was only a seasonal and part-time position. He was told that no cashier positions were available, and he accepted the job as a Greeter. Sears was not given any notice of any alleged discriminatory comments until recently and we do not have the details of who, what, when and where the alleged comments were made. Plaintiff was not terminated but rather resigned, and he clearly will have a difficult time in proving that any person similarly situated would have no choice but to voluntarily resign the position due to intolerable conditions (which is required in a "constructive discharge" case). Based on the foregoing, Plaintiff's claims should be denied and dismissed.

Dated: February 11, 2008
Providence, Rhode Island

JACKSON LEWIS LLP
127 Dorrance Street
Providence, Rhode Island 02903
Telephone: 401-490-3444

By: ____/s/ Anthony J. DiOrio (#3419)____
Anthony J. DiOrio
Attorney for Defendant